UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RAYMOND P DAVIS,                    :
                                    :
       Plaintiff,                   :   Civ. No. 16-1551 (NLH)
                                    :
    v.                              :   OPINION
                                    :
BURLINGTON COUNTY DEPARTMENT OF     :
    CORRECTIONS, et al.,            :
                                    :
       Defendants.                  :
_____ :

APPEARANCES:
Raymond P. Davis, # 66332
Burlington County Jail
P.O. Box 6000
Burlington, NJ 08060
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Raymond P. Davis, an individual confined at the Burlington County Jail in Burlington, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). On March 28, 2016, this Court granted Plaintiff's application to proceed in forma pauperis, and he was permitted to proceed without prepayment of fees. See 28 U.S.C. § 1915. At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune

from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  For the reasons set forth below, the Complaint will be dismissed without prejudice.

## I.    BACKGROUND

In his Complaint, Plaintiff asserts that he was denied his right to a fair disciplinary hearing.  Specifically, he states that defendants falsified reports, did not investigate his case, and refused to provide him with writing instruments so that he could appeal his disciplinary decision. (Compl. 4, ECF No. 1).  Plaintiff also complains that his rights under the Eighth and Ninth Amendment were violated when prison officials refused to house him in a cell by himself, and instead placed him in the same cell as an inmate who was on suicide watch. (Id. at 5).

Plaintiff requests that this Court review the video footage of the incident which was the subject of his disciplinary hearing.  Also, he seeks compensation for the time he spent in Burlington County Jail as a result of the false disciplinary report, and release from the jail while this matter is investigated. (Id. at 5-6).

## II. STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

3

    not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson

v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

   Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

  B. Section 1983 Actions

   A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party

5

>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DISCUSSION

A. Claims regarding cell assignment

As an initial matter, it is unclear from the Complaint whether Plaintiff was a convicted prisoner or a pretrial detainee at the time he filed this action.  Therefore, it is unclear whether Plaintiff's conditions of confinement claims regarding his cell assignment should be analyzed under the Eighth or Fourteenth Amendment. See Daniels v. Taylor, No. 13-5510, 2014 WL 3955372, at *4 (D.N.J. Aug. 13, 2014) (citations omitted) ("Plaintiff's condition of confinement claim is analyzed under the Eighth Amendment if he is a convicted prisoner, but under the Fourteenth Amendment if he is a pretrial detainee."); see also Mestre v. Wagner, 488 F. App'x 648, 649 (3d Cir. 2012); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citing Bell v. Wolfish, 441 U.S. 520, 529, 99 S. Ct.

6

1861, 1869, 60 L. Ed. 2d 447 (1979)).  Regardless, whether analyzed under the Eighth or Fourteenth Amendment, Plaintiff has failed to plead a cause of action relating his cell assignment.

To the extent Plaintiff asserts that prison officials violated his constitutional rights simply by "not housing [him] in a room by [himself]" (Compl. 5, ECF No. 1), he is mistaken. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) (deprivations resulting from "double celling" of prisoners not a per se violation of Eighth Amendment); Bell, 441 U.S. 520 (holding that the practice of housing, primarily for sleeping purposes, two pretrial detainees in individual rooms originally intended for single occupancy did not amount to punishment and did not violate detainees' rights to due process).

Further, to the extent Plaintiff asserts that prison officials violated his rights by housing him in the same cell as an inmate who was on suicide watch, Plaintiff has failed to provide factual allegations sufficient to state a claim.

To plead a violation of the Eighth Amendment, a prisoner must allege that state officials acted with deliberate indifference to a "substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994).  To be liable, state officials must know of and disregard an excessive risk to the inmate's health or

7

safety. Id. at 837; see also Laughlin v. Peck, 552 F. App'x 188, 191 (3d Cir. 2014).

Under the Fourteenth Amendment, pretrial detainees may be subjected to restrictions and conditions of a detention facility "so long as those conditions and restrictions do not amount to punishment." Bell, 441 U.S. at 536-37.  Fourteenth Amendment conditions of confinement claims turn on the totality of factors. See Love v. Camden Cty. Police, No. 14-6780, 2014 WL 6611428, at *4 (D.N.J. Nov. 21, 2014) (citing Hubbard, 538 F.3d at 233 ("we do not assay separately each of the institutional practices, but instead look to the totality of the conditions") (citation and brackets omitted)).

In his Complaint, Plaintiff does not allege any facts which suggest a constitutional violation under either analysis.  Even accepting as true Plaintiff's assertion that his cellmate was on suicide watch, there is nothing in the Complaint to suggest that Plaintiff's health or safety was at risk as a result of sharing a cell with this individual, or that having to share his cell with this individual amounted to punishment.

Further, the Third Circuit has consistently held that "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs" in order set forth a claim under § 1983. Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207

(3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct. Id.; Tenon v. Dreibelbis, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"); Batts v. Giorla, 550 F. App'x 110, 112 (3d Cir. 2013) (same). Here, Plaintiff has failed to plead any factual allegations suggesting that the named defendants had any role in, or knowledge of, the decision to house Plaintiff in the same cell as an inmate on suicide watch.

For these reasons, Plaintiff has failed to plead a cause of action with respect to his housing assignment and this claim will be dismissed without prejudice.

  B. Claims regarding disciplinary hearing

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

9

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 486-87.  The Supreme Court applied Heck to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (holding claims for declaratory relief and money damages that necessarily implied the invalidity of the punishment imposed by prison disciplinary proceedings are not cognizable under § 1983).

Nevertheless, even where there has been no prior invalidation of the resulting judgment, a prisoner may bring a § 1983 claim for monetary damages based on the denial of due process during a prison disciplinary hearing, under certain circumstances. See Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) (stating that plaintiffs § 1983 "damages claim was . . . properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct").  More specifically, where a prison disciplinary hearing has not been previously invalidated, a claim challenging a prison disciplinary hearing is cognizable under § 1983 when the claim, if successful, would not necessarily demonstrate the invalidity of the punishment imposed. See Balisok, 520 U.S. 641; Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005)

(explaining distinction between challenges cognizable under § 1983 and those that are barred); see also, e.g. Harris v. Ricci, 595 F. App'x 128, 133 (3d Cir. 2014) (due process challenge to prison disciplinary hearing was cognizable under § 1983 because it did not imply the invalidity of the resulting sanctions).

    Here, Plaintiff alleges that Defendants Blango and Coleman failed to conduct a fair disciplinary hearing. However, Plaintiff fails to provide sufficient factual allegations to set forth a claim for relief under § 1983. Specifically, Plaintiff fails to explain either the circumstances of the incident which resulted in the disciplinary hearing, or the allegedly deficient procedures used during the disciplinary hearing. In his Complaint, Plaintiff alludes to false statements in a disciplinary report and unseen video footage, but he does not describe in any detail the underlying incident, the substance of the statements or footage, the manner in which the disciplinary hearing was conducted, or how it was constitutionally violative. Finally, Plaintiff does not explain the sanctions imposed on him as a result of the disciplinary hearing. Plaintiff asserts that the "falsified disciplinary report resulted in [his] incarceration at [Burlington County Jail];" however, it would seem a necessary prerequisite that Plaintiff was already confined in the Burlington County Jail to have been subject to a disciplinary hearing in the first place. Without more

information, the Court is unable to determine the basis for Plaintiff's cause of action, see Iqbal, 556 U.S. at 678, and is unable to discern whether Plaintiff's due process challenges imply the invalidity of the punishment imposed, see Balisok, 520 U.S. 641.  Furthermore, to the extent Plaintiff challenges the outcome of his disciplinary hearing, itself, such a claim is not cognizable in a claim under § 1983 for the reasons discussed above. Id.; Wilkinson, 544 U.S. 74.

Finally, to the extent Plaintiff seeks to be "released" (Compl. 6, ECF No. 1), this type of claim is not cognizable in a claim pursuant to § 1983 and is more appropriately brought in a petition for writ of habeas corpus.  A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S. Ct. 1303, 158 L.Ed.2d 32 (2004) and Balisok, 520 U.S. at 117. See also Wilkinson, 544 U.S. 74.  To the extent Plaintiff seeks this type of relief, he may file an appropriate habeas petition.

## IV. CONCLUSION

For foregoing reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for

failure to state a claim upon which relief may be granted. Because it is possible that Plaintiff may be able to amend or supplement his Complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file an application to reopen accompanied by a proposed amended complaint.[1]  See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

    An appropriate Order will be entered.

                           ___s/ Noel L. Hillman_____
                           NOEL L. HILLMAN
                           United States District Judge

Dated: August 1, 2016
At Camden, New Jersey

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.